FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

97 JUN -2 PM 1:26

U.S. DISTRICT COURT
N.D. OF ALABAMA

Craftmasters, Inc. & Jeffrey Teague, )
    Plaintiff(s); )
)
-vs.- )    No. CV 96-P-1843-W
)
Bank of Alabama , )
    Defendant(s). )

ENTERED

**OPINION**

JUN 0 3 1997

After consideration at the Court's Motion docket and for the following reasons, the Defendant's Motion for Summary Judgment is hereby GRANTED.

### Facts[1]

On or about October 20, 1995, Randal A. Scott ("Scott"), the president of a general contracting company by the name of R.A. Scott Contracting, Inc. ("Scott Contracting"), presented a check to the Defendant Bank of Alabama ("BOA") in the amount of $279,661.90 made payable to the order of "Craftmasters, R.A. Scott Contracting." Scott endorsed the check "Craftmasters by R.A. Scott" and "R.A.Scott by R.A. Scott." The proceeds from the check were deposited in a Scott Contracting account. Scott was authorized to indorse checks for Scott Contracting. Scott was also president of Craftmasters at the time of the indorsement. The Plaintiff Craftmasters, Inc. was a contractor engaged in a joint venture with Scott and Plaintiff Jeffrey Teague is the sole shareholder in Craftmasters, Inc.

The Plaintiffs filed this lawsuit alleging conversion of the check and conspiracy to defraud

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.



for failing to act in a commercially reasonable standard and conspiring with Scott to defraud the Plaintiffs. The Defendant has moved for summary judgment.

## Analysis

Both parties agree that the transaction with BOA is controlled by the Alabama Commercial Code and its sections dealing with commercial paper. Ala. Code §§ 7-3-100 through 805. In addition, under Alabama law, an instrument is converted when paid over a forged endorsement and an unauthorized signature is inoperative. Ala. Code §§ 7-3-419, 7-3-404.[2] In 1995, the Alabama legislature was revising the commercial paper sections of the code and the revisions became effective January 1, 1996. Under the former code, § 7-3-116 controlled instruments payable to two or more people. In this section, instruments may be made payable to two or more people. If the instrument is made payable to any of the parties, it is payable alternatively and may be negotiated by any of the parties. If the instrument is made payable to all of the parties, it is payable jointly and may be negotiated only by all of the parties. The code section is silent as to how to determine if the instrument is payable jointly or alternatively if there is an ambiguity. There is no Alabama case law interpreting the section as it relates to an ambiguous payee designation. As of January 1, 1996, the subject matter of § 7-3-116 was moved into § 7-3-110(d) which clarified the former section by adding the sentence that "[i]f an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively." No other substantive change was made to the

---

2. These code sections refer to the pre-revision code.

section.

In this case, the check was made payable to two parties and the names of the parties were separated by a comma. No designation of "and" or "or" was present on the check. Therefore, the designation of the payees was ambiguous.

BOA argues that the identification of the parties was ambiguous and therefore should be construed in the alternative. As such, the check was properly payable to either party and was properly negotiated by Scott.[3/] The Plaintiffs argue that the ambiguity should be construed as a joint designation and therefore both payees are required to indorse the instrument for proper negotiation.

Because there is no case law in Alabama interpreting the use of the comma or which designation should be used where an ambiguity exists, the court finds the clarification in the revised section and the Alabama Comment directed at these kinds of ambiguities to be persuasive. The Alabama Comment states that "[i]n the case of an ambiguity persons dealing with the instrument should be able to rely on the indorsement of a single payee." Based on the utter lack of Alabama case law on point and close timing of the revision clarifying the section, the court is persuaded that the ambiguity should be resolved in favor of the alternative party designation. Therefore, BOA is due to be granted summary judgment as to the Plaintiffs' conversion claim.

The Plaintiffs base their claim of conspiracy to defraud on the act of cashing the check by BOA. Under Alabama law, a plaintiff must present substantial evidence of an underlying cause

---

3. Although the Plaintiffs allege that Scott forged the signature of Craftmasters on the check, an unauthorized indorsement is inoperative under these code sections. Scott also signed in his capacity as president of Scott Contracting. His signature in the latter capacity would be the proper indorsement. There is also evidence which suggests that Scott was an agent for Craftmasters at the time of the indorsement.

of action before he or she can proceed with a conspiracy claim. *See, e.g., Keller v. Security Federal Sav. & Loan Assoc.*, 555 So. 2d 151 (Ala. 1989). However, as discussed above, the underlying cause of action, the improper cashing of the check, is not viable. Therefore, the conspiracy claim must fail.[4/]

### Conclusion

For the foregoing reasons, BOA has demonstrated that no genuine issues of material fact remain in the case. BOA's Motion for Summary Judgment is due to be granted.

Dated: June 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. James L. North
  Mr. J. Timothy Francis
  Mr. George Bryan Harris
  Ms. Lauren E. Wagner

---

4. The Plaintiffs have also failed to produce substantial evidence of an agreement between BOA and Scott. To the extent that the Plaintiffs are alleging that BOA committed fraud, the Plaintiffs have failed to identify any misrepresentations made by BOA.